UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WYNETTA BROWN-TOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-185-RLW |
| ) | |
| DR. KAMARI and MERCY HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Wynetta Brown-Towns for leave to proceed in this action without prepaying fees or costs. The Court has considered the motion and the financial information provided therein, and has determined to grant the motion. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### Legal Standard

Complaints filed *in forma pauperis* are subject to preliminary review as set forth in 28 U.S.C. § 1915. Additionally, the Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, this Court is not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), or interpret procedural rules as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the instant complaint against Dr. Kamari and Mercy Hospital. On the civil cover sheet submitted with the complaint, plaintiff explicitly invokes this Court's federal question jurisdiction, and identifies this cause of action as one for personal injury/negligence. She avers that she and both defendants are Missouri citizens.

In support of her claims, plaintiff alleges as follows. Plaintiff underwent a procedure at Mercy Hospital in November of 2018, but was "not treated properly causing pulmonary embolism." (ECF No. 1 at 5). Plaintiff's "urine tube" was cut, which caused urine to back up into her bladder and kidneys. *Id.* Blood clots traveled from her left calf to her lungs, and the defendants "did not follow their mission statement by giving me wrong medical advice." *Id.* The defendants also failed to give plaintiff "mental support" or fully instruct her regarding the healing process. *Id.* Plaintiff alleges she can no longer work in a factory, or engage in various other life activities. She seeks $7 million in damages.

On January 6, 2020, plaintiff filed a complaint in this Court against these same two defendants. *See Brown-Towns v. Kamari, et al.*, No. 4:20-cv-20-RLW (E.D. Mo. 2020). As here, she asserted claims of medical negligence and medical malpractice stemming from a November 2018 procedure at Mercy Hospital, and she described suffering essentially the same injuries. On January 27, 2020, the Court dismissed the action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, after determining that it lacked jurisdiction over plaintiff's claims. Plaintiff filed the instant complaint on January 31, 2020.

**Discussion**

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th

Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if a Court determines at any time that it lacks jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction gives federal district courts jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). This Court also has jurisdiction over cases in which the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

In the case at bar, plaintiff brings claims of medical malpractice and medical negligence, neither of which arise under the Constitution, laws or treaties of the United States. Plaintiff does not cite, nor is the Court aware, of any federal statute under which her claims could be brought. The Court therefore concludes that plaintiff's asserted basis of federal question jurisdiction is

3

patently meritless, and that her allegations fail to present a non-frivolous claim of a right or remedy under any federal statute.

Plaintiff also fails to establish a basis for jurisdiction pursuant to 28 U.S.C. § 1332. In the complaint, plaintiff avers that she and both defendants are Missouri citizens. Plaintiff signed the complaint under penalty of perjury that it was true and correct. (ECF No. 1 at 6). In doing so, she certified that her representations to the Court, including those regarding the citizenship of herself and the defendants, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Accordingly, it is clear that the parties are not completely diverse, and this Court therefore does not have jurisdiction under to 28 U.S.C. § 1332.

After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has failed to establish that this Court has jurisdiction over this action based upon either a federal question or diversity of citizenship. Plaintiff is clear about the claims she wishes to bring against the defendants, and it is obvious that the deficiencies of the complaint could not be cured by permitting plaintiff to file an amended pleading. Additionally, there are no additional facts plaintiff could offer that would establish a basis for jurisdiction on the basis of diversity of citizenship, as her signed complaint already establishes the absence of a necessary prerequisite. The Court will therefore dismiss this action pursuant to Rule 12(h)(3) without further proceedings.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for want of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of May, 2020.

                                                                                                                                */s/ Ronnie L. White*
                                                                      RONNIE L. WHITE
                                                                      UNITED STATES DISTRICT JUDGE